E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6265
    E-mail:   Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

3/17/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CD_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>FOSTER S. LAWYER,<br><br>       Defendant. | No. 2:23-cr-00124-MCS<br><br>PLEA AGREEMENT FOR DEFENDANT<br>FOSTER S. LAWYER |

1. Subject to the approval of the Department of Justice, Tax Division, this constitutes the plea agreement between FOSTER S. LAWYER ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of the underreporting of business income on his business's quarterly employment tax returns. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with a violation of 26 U.S.C. § 7206(2), willfully aiding and assisting in the preparation of a false and fraudulent employment tax return.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to

1  satisfy defendant's payment of the full financial obligation,

2  including referral to the Treasury Offset Program.

3        i.  Complete the Financial Disclosure Statement on a form

4  provided by the USAO and, within 30 days of defendant's entry of a

5  guilty plea, deliver the signed and dated statement, along with all

6  of the documents requested therein, to the USAO by either email at

7  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

8  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

9  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

10 criminal debt shall be assessed based on the completed Financial

11 Disclosure Statement and all required supporting documents, as well

12 as other relevant information relating to ability to pay.

13       j.  Authorize the USAO to obtain a credit report upon

14 returning a signed copy of this plea agreement.

15       k.  Consent to the USAO inspecting and copying all of

16 defendant's financial documents and financial information held by the

17 United States Probation and Pretrial Services Office.

18       l.  Defendant admits that he reported some but not all of

19 the wages he paid to the employees of Mulligan's Painters Inc. on the

20 business' Forms 941, Employer's Quarterly Federal Tax Return, for

21 2014, 2015, 2016 and 2017.  Defendant admits that defendant failed to

22 report $617,053.88, $407,549.84, $745,312, and $740,568 of wages paid

23 for 2014, 2015, 2016, and 2017, respectively.  Defendant agrees that:

24       i.  Defendant gives up any and all objections that

25 could be asserted to the Examination Division of the Internal Revenue

26 Service ("IRS") receiving materials or information obtained during

27

28

3

1  the criminal investigation of this matter, including materials and

2  information obtained through grand jury subpoenas.

3          ii.  On behalf of Mulligan's Painters, Inc., defendant

4  agrees he will owe additional Form 941 employment taxes for the years

5  2014, 2015, 2016, and 2017, as well as civil penalties under 26

6  U.S.C. §§ 6656 and 6663 for each year and statutory interest, on the

7  tax and penalty liabilities, as provided by law.

8          iii. Defendant will use best efforts to pay to the

9  Fiscal Clerk of the Court at or before sentencing all additional

10  taxes and all penalties and interest related to this case; and will

11  make best efforts to promptly pay to the Fiscal Clerk of the Court

12  all additional taxes and all penalties and interest thereafter

13  determined by the Internal Revenue Service to be owing as a result of

14  any computational error(s).  Payments may be made to the Clerk,

15  United States District Court, Fiscal Department, 255 East Temple

16  Street, Room 1178, Los Angeles, California 90012.

17          iv.  Defendant will not file any claim for refund of

18  taxes, penalties, or interest or abatements for amounts attributable

19  to the returns filed in connection with this plea agreement.

20  <u>THE USAO'S OBLIGATIONS</u>

21      3.   The USAO agrees to:

22         a.   Not contest facts agreed to in this agreement.

23         b.   Abide by all agreements regarding sentencing contained

24  in this agreement.

25         c.   At the time of sentencing, provided that defendant

26  demonstrates an acceptance of responsibility for the offense up to

27  and including the time of sentencing, recommend a two-level reduction

28

                                     4

1  in the applicable Sentencing Guidelines offense level, pursuant to

2  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

3  additional one-level reduction if available under that section.

4  <u>NATURE OF THE OFFENSE</u>

5      4.   Defendant understands that for defendant to be guilty of

6  the crime charged in count one, that is, subscription to a false

7  employment tax return, in violation of Title 26, United States Code,

8  Section 7206(2), the following must be true:

9          a.   Defendant aided or advised in the preparation of a tax

10  return which was filed with the Internal Revenue Service,

11         b.   The tax return was false as to a material matter, and

12         c.   In aiding or assisting in the preparation of the false

13  tax return, defendant must have acted willfully.

14     A matter is material if it had a natural tendency to influence,

15  or was capable of influencing, the decisions or activities of the

16  Internal Revenue Service.  In order to provide the defendant acted

17  "willfully," the government must prove beyond a reasonable doubt that

18  the defendant knew federal tax law imposed a duty on him and the

19  defendant intentionally and voluntarily violated that duty.

20  <u>PENALTIES AND RESTITUTION</u>

21     5.   Defendant understands that the statutory maximum sentence

22  that the Court can impose for a violation of Title 26, United States

23  Code, Section 7206(2), is: 3 years' imprisonment; a 1-year period of

24  supervised release; a fine of $250,000 or twice the gross gain or

25  gross loss resulting from the offense, whichever is greatest; and a

26  mandatory special assessment of $100.

27

28

6.    Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.  The government believes restitution is approximately $1,011,725, and defendant believes restitution is approximately $600,198.  The parties recognize and agree that their respective amounts could change based on facts that come to the attention of the parties prior to sentencing.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

10.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a resident of Los Angeles, California, admits that in 2014, 2015, 2016, and 2017, within the Central District of California, defendant willfully caused and aided and assisted in, and procured, counseled, and advised the preparation and presentation of multiple employment tax returns, Internal Revenue Service ("IRS") Forms 941, Employer's Quarterly Federal Tax Return, for his painting business named Mulligan's Painters, Inc. ("Mulligan's Painters"). The Form 941 returns for Mulligan's Painters were false and fraudulent as to material matters, in that each return represented that defendant paid his employees their wages as reported on the return, when defendant knew that he had paid some of his employees' wages "under-the-table."

**Employment Tax Withholding**

Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes are referred to as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States.

Employers are required to remit these withheld, trust fund amounts to the IRS on a quarterly basis, no later than the last day of month following the end of the quarter. In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are

8

likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer.

Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941, setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

**Defendant's Conduct re: Employment Taxes/Returns**

Many of defendant's clients paid defendant per job by check. Between 2014 through 2017, defendant deposited some of the client checks into Mulligan's Painters' business bank account.  However, defendant cashed a substantial number of business checks paid to Mulligan's Painters by its clients for services rendered at a check-cashing store.

Defendant paid some employees of Mulligan's Painters their salary by check.  For these employees, defendant used an account with Wells Fargo Payroll Services to issue payroll checks to the employees, and to report, withhold, and pay over the employment taxes (both employee and employer portions) to the IRS. At least some – defendant contends all – employees received cash wages in addition to their payroll checks, and other employees received all wages in cash that were not accounted for in the Wells Fargo Payroll Services account for Mulligan's Painters.  Defendant paid these employees

under-the-table in cash.  For the under-the-table employees, defendant never reported the earnings or withheld and paid over any employment taxes (either portion) to the IRS.

For each quarter between 2014 and 2017, defendant authorized Wells Fargo Payroll Services to prepare and file Forms 941 for Mulligan's Painters.  As such, defendant caused to be reported to the IRS only the wages paid by check to employees as listed in the Mulligan's Painters account with Wells Fargo Payroll Services. Defendant failed to report the wages paid to employees in cash on each quarterly employment tax return.  Because defendant failed to report the correct amount of wages he paid on the Forms 941 of Mulligan's Painters in 2014 through 2017, taxes pursuant to 26 U.S.C. §§ 3101, 3111, and 3301 were not paid on the unreported cash wages of the employees of Mulligan's Painters.  In addition, income tax withholding for the unreported wages for the employees of Mulligan's Painters were not collected by defendant pursuant to 26 U.S.C. § 3402 and paid over to the IRS.  Defendant willfully filed the Forms 941 in 2014 through 2017 knowing that he omitted this information and the Forms 941 were false and fraudulent as to material matters.

In particular, on or around January 31, 2017, defendant caused to be filed a Form 941 for the 4th Quarter of 2016 (October 1 through December 31, 2016) for Mulligan's Painters with the IRS.  Defendant caused his preparer to sign and file the Form 941 for the 4th Quarter of 2016 for Mulligan's Painters under penalty of perjury, with the representation that defendant had examined the return, including accompanying schedules and statements, and, to the best of his knowledge and belief, the tax return was true, correct, and complete.

The Form 941 for the 4th Quarter of 2016 reported that Mulligan's Painters paid wages, tips, and other compensation to its employees in said quarter in the amount of $106,700.  In truth and fact, and as defendant well knew, in the 4th Quarter of 2016, Mulligan's Painters paid wages, tips, and other compensation to its employees in the amount of at least $293,028.  Therefore, defendant willfully and intentionally falsely reported to the IRS $186,328 less than the wages that Mulligan's Painters paid to its employees in the 4th Quarter of 2016.

In total, between 2014 and 2017, defendant failed to report $2,510,483.72 of wages paid to Mulligan's Painters employees on its quarterly employment tax returns.  Those amounts, broken down by year, are as follows:

a.   In 2014, defendant failed to report $617,053.88 in wages paid to Mulligan's Painters employees in cash.  In turn, defendant failed to pay to the IRS $94,409.24 in social security and Medicare tax, plus an amount to be determined by the Court in income tax not withheld.

b.   In 2015, defendant failed to report $407,549.84 in wages paid to Mulligan's Painters employees in cash.  In turn, defendant failed to pay to the IRS $62,355.16 in social security and Medicare tax, plus an amount to be determined by the Court in income tax not withheld.

c.   In 2016, defendant failed to report $745,312 in wages paid to Mulligan's Painters employees in cash.  In turn, defendant failed to pay to the IRS $114,032.72 in social security and Medicare

tax, plus an amount to be determined by the Court in income tax not withheld.

       d.   In 2017, defendant failed to report $740,568 in wages paid to Mulligan's Painters employees in cash.  In turn, defendant failed to pay to the IRS $113,306.92 in social security and Medicare tax, plus an amount to be determined by the Court in income tax not withheld.

       e.   The parties agree that the employment tax loss for 2014 through 2017 is at least $600,198 but not higher than $1,011,725.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:    20   U.S.S.G. §§ 2T1.4(a)(1), 4.1(H)

Acceptance of
Responsibility    -3          U.S.S.G. § 3E1.1

12

Total Offense Level       17

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3(c) are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below.  Subject to paragraph 23 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

2     15.   Defendant understands that by pleading guilty, defendant

3  gives up the following rights:

4          a.   The right to persist in a plea of not guilty.

5          b.   The right to a speedy and public trial by jury.

6          c.   The right to be represented by counsel -- and if

7  necessary have the Court appoint counsel -- at trial.  Defendant

8  understands, however, that, defendant retains the right to be

9  represented by counsel -- and if necessary have the Court appoint

10  counsel -- at every other stage of the proceeding.

11          d.   The right to be presumed innocent and to have the

12  burden of proof placed on the government to prove defendant guilty

13  beyond a reasonable doubt.

14          e.   The right to confront and cross-examine witnesses

15  against defendant.

16          f.   The right to testify and to present evidence in

17  opposition to the charges, including the right to compel the

18  attendance of witnesses to testify.

19          g.   The right not to be compelled to testify, and, if

20  defendant chose not to testify or present evidence, to have that

21  choice not be used against defendant.

22          h.   Any and all rights to pursue any affirmative defenses,

23  Fourth Amendment or Fifth Amendment claims, and other pretrial

24  motions that have been filed or could be filed.

25          <u>WAIVER OF APPEAL OF CONVICTION</u>

26     16.   Defendant understands that, with the exception of an appeal

27  based on a claim that defendant's guilty plea was involuntary, by

28

14

pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 30 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $600,198; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and

(b) the Court imposes a term of imprisonment of no less than 24 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $1,011,725.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

16

1  pursuant to this agreement, defendant will not be able to withdraw

2  the guilty plea, and (b) the USAO will be relieved of all its

3  obligations under this agreement.

4  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

5  OFFICE NOT PARTIES

6      22.  Defendant understands that the Court and the United States

7  Probation and Pretrial Services Office are not parties to this

8  agreement and need not accept any of the USAO's sentencing

9  recommendations or the parties' agreements to facts or sentencing

10  factors.

11      23.  Defendant understands that both defendant and the USAO are

12  free to: (a) supplement the facts by supplying relevant information

13  to the United States Probation and Pretrial Services Office and the

14  Court, (b) correct any and all factual misstatements relating to the

15  Court's Sentencing Guidelines calculations and determination of

16  sentence, and (c) argue on appeal and collateral review that the

17  Court's Sentencing Guidelines calculations and the sentence it

18  chooses to impose are not error, although each party agrees to

19  maintain its view that the calculations in paragraph 12 are

20  consistent with the facts of this case.  While this paragraph permits

21  both the USAO and defendant to submit full and complete factual

22  information to the United States Probation and Pretrial Services

23  Office and the Court, even if that factual information may be viewed

24  as inconsistent with the facts agreed to in this agreement, this

25  paragraph does not affect defendant's and the USAO's obligations not

26  to contest the facts agreed to in this agreement.

27

28

17

24.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea[s], and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

25.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2           26.  The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10   _____          2/27/23
                                               _____
11   VALERIE L. MAKAREWICZ                     Date
     Assistant United States Attorney

12
     _____          _____
13   FOSTER S. LAWYER                          Date
     Defendant

14
     _____          _____
15   DENNIS PEREZ                              Date
     EVAN DAVIS
16   Attorneys for Defendant FOSTER S.
     LAWYER

17

18

19

20

21

22

23

24

25

26

27

28
                                     19

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____          _____
VALERIE L. MAKAREWICZ                     Date
Assistant United States Attorney

_____          2/24/23
FOSTER S. LAWYER                          _____
Defendant                                 Date

_____          2/24/23
DENNIS PEREZ                              _____
EVAN DAVIS                                Date
Attorneys for Defendant FOSTER S.
LAWYER

19

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          2/24/23
FOSTER S. LAWYER                          _____
Defendant                                 Date

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am FOSTER S. LAWYER's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          _____
DENNIS PEREZ                              Date 2/24/23
EVAN DAVIS
Attorney for Defendant FOSTER S.
LAWYER

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| Plaintiff, | ) | I N F O R M A T I O N |
| | ) | |
| vs. | ) | [26 U.S.C. § 7206(2): Aiding |
| | ) | and Assisting in the |
| | ) | Preparation of a False Tax |
| FOSTER S. LAWYER, | ) | Return] |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States Attorney charges:

[26 U.S.C. § 7206(2)]

1. At times relevant to this Information:

    a.  Defendant FOSTER S. LAWYER was a resident of Los Angeles, California.

    b.  Defendant LAWYER owned and operated a painting business named Mulligan's Painters, Inc. ("Mulligan's Painters").

2.  On or about January 31, 2017, in Los Angeles County, within the Central District of California, LAWYER willfully aided and assisted in, and procured, counseled, and advised the preparation and

presentation to the Internal Revenue Service, of an Employer's
Quarterly Federal Tax Return, Form 941, for the fourth Quarter of
2016 for Mulligan's Painters, which was false and fraudulent as to a
material matter, in that the Form 941 falsely stated that Mulligan's
Painters paid $106,700 in wages, tips, and other compensation to its
employees in the fourth quarter of 2016, whereas, as defendant LAWYER
then knew, Mulligan's Painters had paid substantially more than that
amount in wages, tips, and other compensation to its employees in
that quarter.

E. MARTIN ESTRADA
United States Attorney


MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section


KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section


VALERIE L. MAKAREWICZ
Assistant United States Attorney
Major Frauds Section

### CERTIFICATE OF SERVICE

I, **T. Montes**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT FOSTER S. LAWYER**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

**Dennis Perez, Esq.**
**\*\*PLEASE NOTE NEW STREET ADDRESS\*\***
**Hochman Salkin Toscher Perez P.C.**
Office: 310 281 3240 | Fax: 310 859 5106
Cell: 310 344 3600
perez@taxlitigator.com | **WEB**| **BLOG**
9100 Wilshire Blvd., Suite 900W
Beverly Hills, CA 90212

☐ By hand delivery, addressed as follows:

☐ By email, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **March 17, 2023**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

/s/
_____
**T. Montes**
Legal Assistant